# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Cannon Technologies, Inc.,

        Plaintiff,

v.

Sensus Metering Systems, Inc.,

        Defendant/Third-Party Plaintiff,

v.

Vishay Intertechnology, Inc.,

        Third-Party Defendant.

Civ. No. 08-6456 (RHK/RLE)

**ORDER**

---

This matter is before the Court *sua sponte*.

Defendant Sensus Metering Systems, Inc. ("Sensus") has filed a Motion for Summary Judgment in this matter with respect to the claims of Plaintiff Cannon Technologies, Inc. ("Cannon"). Third-Party Defendant Vishay Intertechnology, Inc. ("Vishay") also has moved for summary judgment, seeking dismissal of the third-party claims asserted against it by Sensus. The Motions are currently scheduled to be heard by the Court on August 16, 2010.

In its Memorandum in support of its Motion, Sensus argues (*inter alia*) that Cannon's implied-warranty claims fail because Sensus and Cannon are "sophisticated business entities whose skill and knowledge regarding electrical meters were essentially

equal." (Sensus Mem. (Doc. No. 81) at 14-15 (citing <u>Binks Mfg. Co. v. Nat'l Presto Indus., Inc.</u>, 709 F.2d 1109, 1122 (7th Cir. 1983), and <u>Price Bros. Co. v. Phila. Gear Corp.</u>, 649 F.2d 416, 424 (6th Cir. 1981)).) This argument would appear equally applicable to Sensus's implied-warranty claim against Vishay, <u>see</u> <u>EEOC v. Waffle House, Inc.</u>, 534 U.S. 279, 314 (2002) (Thomas, J., dissenting) ("[W]hat's good for the goose is good for the gander."), but Vishay has not asserted it as a ground for dismissal of the claim. And a district court generally should not enter summary judgment on a ground not raised by the moving party without first affording the non-moving party the opportunity to address it. <u>See, e.g.</u>, <u>Heisler v. Metropolitan Council</u>, 339 F.3d 622, 631 (8th Cir. 2003).

Based on the foregoing, **IT IS ORDERED** that Sensus may serve and file a Memorandum, no later than 12:00 p.m. (noon) on Wednesday, August 11, 2010, addressing why the argument discussed above should not apply to Sensus's implied-warranty claim against Vishay. The Memorandum shall be limited to the foregoing issue, no longer than seven pages, and formatted in the same fashion (font size, spacing, etc.) as Cannon's previously filed Memoranda (Doc. Nos. 81, 91, 95). Vishay may serve and file a response to Sensus's Memorandum, with the same conditions on scope, length, and formatting, no later than 12:00 p.m. (noon) on Friday, August 13, 2010.

Dated: August 5, 2010

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge