# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Cannon Technologies, Inc.,

        Plaintiff,

Civ. No. 08-6456 (RHK/LIB)
**ORDER**

v.

Sensus Metering Systems, Inc.,

        Defendant/Third-Party Plaintiff,

v.

Vishay Intertechnology, Inc.,

        Third-Party Defendant.

---

This matter is before the Court on the Motion of Third-Party Defendant Vishay Intertechnology, Inc. ("Vishay") for Leave to File its Motion for Summary Judgment (Doc. No. 178). For the reasons set forth below, the Court will deny the Motion.

In December 2008, Plaintiff Cannon Technologies, Inc. ("Cannon") commenced this action against Defendant Sensus Metering Systems, Inc. ("Sensus"), alleging that certain electrical meters it had purchased from Sensus were defective. In August 2009, Sensus impleaded Vishay, asserting that a particular component in the meters – the "capacitor" – had been defectively manufactured by Vishay. The parties have engaged in substantial discovery and have asked for modifications to the Pretrial Scheduling Order several times. The most recent, and currently operative, Scheduling Order (Doc. No. 65)

set the dispositive-motion deadline for September 1, 2010.  (Id.)  Trial is currently scheduled to commence on January 10, 2011.

Vishay has now filed a Motion seeking leave to file a motion for summary judgment.  It argues that a related company (Vishay Resistors Belgium BVBA) actually manufactured the capacitors in question and, hence, Sensus has named the wrong party in its third-party claims.  It also points out that although Federal Rule of Civil Procedure 56(c) provides that a motion for summary judgment must be made no later than "30 days after the close of all discovery," which has long since passed, the Rule gives the Court discretion to extend that deadline.  Vishay argues that the Court should exercise that discretion here, but the Court rejects its argument.

Rule 56(c) sets forth the default rules for timing summary-judgment motions, "unless a different time is set by local rule *or the court orders otherwise*."  Fed. R. Civ. P. 56(c)(1) (emphasis added).  Here, the Court has "order[ed] otherwise" – the Pretrial Scheduling Order set September 1, 2010, as the dispositive-motion deadline.  To file its untimely summary-judgment motion, therefore, Vishay must demonstrate "good cause" for the Court to modify the Scheduling Order.  See Fed. R. Civ. P. 16(b)(4).  It has failed to do so – in fact, it has failed to proffer *any* explanation for its delay in seeking such relief.  Moreover, Vishay's argument that it did not manufacture the capacitors in question is predicated on public documents (Vishay's own SEC Form 10-K) filed long before it brought the instant Motion.  (See Doc. No. 178 at 3.)  Vishay has nowhere explained why it could not have brought this issue to the Court's attention sooner, and certainly before the dispositive-motion cut-off.

Good cause is an "exacting" standard, requiring the moving party to demonstrate that it cannot meet the established deadlines "despite [its] diligence." Scheidecker v. Arvig Enters., Inc., 193 F.R.D. 630, 631 (D. Minn. 2000) (Erickson, M.J.) (quoting Fed. R. Civ. P. 16(b) advisory committee note (1983 Amendment)). Whatever merit Vishay's summary-judgment motion might have, it has failed to establish good cause to modify the dispositive-motion deadline here. Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Vishay's Motion for Leave to File its Motion for Summary Judgment (Doc. No. 178) is **DENIED**.

Dated: November 12, 2010

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge