# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Cannon Technologies, Inc.,

      Plaintiff,

v.

Sensus Metering Systems, Inc.,

      Defendant/Third-Party Plaintiff,

v.

Vishay Intertechnology, Inc.,

      Third-Party Defendant.

Civ. No. 08-6456 (RHK/RLE)

**ORDER**

---

This matter is before the Court on the parties' Motions to exclude certain expert evidence at trial under Federal Rule of Evidence 702 and <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993). The Court has carefully considered the papers supporting and opposing the Motions, as well as the arguments of counsel at the January 11, 2011, hearing.

Rule 702, which governs the admission of expert testimony, provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The Court, acting as a "gatekeeper," must evaluate whether proffered expert testimony

passes muster under Rule 702, bearing in mind that the touchstone for admitting such testimony is assistance to the trier of fact.  See, e.g., Larson v. Kempker, 414 F.3d 936, 941 (8th Cir. 2005).  The threshold is low – expert testimony should be admitted if it "advances the trier of fact's understanding *to any degree*."  Robinson v. GEICO Gen. Ins. Co., 447 F.3d 1096, 1100 (8th Cir. 2006) (emphasis added) (internal quotation marks and citations omitted).  In other words, only if the proffered testimony is "so fundamentally unsupported that it can offer no assistance to the jury" should it be excluded.  E.g., United States v. Finch, __ F.3d __, 2011 WL 31517, at *3 (8th Cir. Jan. 6, 2011) (citations omitted).

As the Eighth Circuit has recognized, Rule 702 "reflects an attempt to *liberalize* . . . the admission" of expert testimony and "*clearly is one of admissibility rather than exclusion*."  Polski v. Quigley Corp., 538 F.3d 836, 838-39 (8th Cir. 2008) (emphases added).  As a result, courts must resolve doubts regarding the usefulness of an expert's testimony in favor of admissibility, Finch, 2011 WL 31517, at *3, and "[g]aps in an expert witness's qualifications or knowledge generally go to the weight of the witness's testimony, not its admissibility," Robinson, 447 F.3d at 1100.  Hence, "the rejection of expert testimony is the exception rather than the rule."  Id.

In this case, bearing the above principles in mind, the Court concludes that most of the parties' objections to the proffered expert testimony go to the weight of that testimony and not its admissibility.  Moreover, the proffered testimony, with limited exceptions (detailed below), is sufficiently reliable to be admitted under Daubert.  The parties will

have ample opportunity at trial to explore the bases for the challenged testimony through "[v]igorous cross-examination" and the "presentation of contrary evidence." Daubert, 509 U.S. at 598.

Based on the foregoing, and all the files, records, and proceedings herein, including the reasons stated on the record at the January 11, 2011, hearing, **IT IS ORDERED**:

1. Cannon's Motion (Doc. No. 156) and Vishay's Motion (part of Doc. No. 166) to Exclude the Proposed Expert Testimony of Dr. Robert Wollenberg are **DENIED**;[1]

2. The remaining portions of Vishay's Motion in limine (Doc. No. 166), which concern Carol Ludington's testimony and certain of Sensus's damage claims, are **DENIED AS MOOT**, without prejudice to Vishay renewing its objections to such evidence if/when offered at trial;

3. Sensus's Motion to Exclude Expert Testimony of John Gregory Johnson (Doc. No. 176) is **DENIED**;

4. Sensus's Motion to Exclude Expert Testimony of William T. Sutherland (Doc. No. 177) is **DENIED**;

5. Sensus's Motion to Exclude Expert Testimony of Robert Erdman (Doc. No.

---

[1] At the hearing, it became clear that the parties now agree Dr. Wollenberg should not testify that Cannon's actions (in replacing the capacitors in all iCon Meters) or Sensus's actions (in initially selecting the 336 Capacitor for the iCon Meter) were "reasonable" or "unreasonable," and the Court concurs. Rather, when testifying on these topics, Dr. Wollenberg should opine only whether there was an adequate (or inadequate) scientific basis for the conduct in question.

179) is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** to the extent it concerns Erdman's opinion that the capacitors sold to Sensus were within specification, as the Court concludes that he lacks the foundation for such testimony. In all other respects, the Motion is **DENIED**; and

6. Sensus's Motion to Exclude Expert Testimony of <u>Dennis Branca and Other Party Employees</u> (Doc. No. 201) is **GRANTED IN PART** and **DENIED IN PART AS MOOT**. To the extent it concerns Branca's testimony regarding Cannon's alleged damages, the Motion is **GRANTED IN PART**. The Court finds that certain of the proffered testimony – *e.g.*, concerning lost employee salaries and the 18% reduction in Cannon's alleged damages following the Court's summary-judgment ruling – is expert testimony in lay-witness clothing, for which Cannon failed to provide appropriate expert disclosures under the Federal Rules of Civil Procedure. The testimony also would violate the spirit, if not the letter, of the Pretrial Scheduling Order, which permitted only two expert witness depositions to be taken in this case (of which Branca was not one). (<u>See</u> Doc. No. 16 at 4.) Moreover, in the Court's view such opinions lack an adequate foundation and are speculative.

However, this does not mean Branca cannot offer *any* testimony regarding Cannon's (alleged) damages. Indeed, Sensus does not dispute that Branca may appropriately testify "concerning invoices and other self-explanatory documents that demonstrate [Cannon's] actual costs." (Doc. No. 239 at 1.) Hence, to the extent Branca intends to testify, for example, about the cost of a replacement meter sent to one of

Cannon's customers, or to explain a document containing such information, that testimony would be admissible.  Should his testimony cross the (admittedly fuzzy) line between fact and expert opinion, however, the Court will strike it.[2]  Cannon should bear this is mind when conducting Branca's direct examination.

The remaining portion of the Motion, which concerns employee witnesses offering expert testimony, is **DENIED AS MOOT**, as the parties indicated at oral argument that no employee witnesses will offer such testimony.  This ruling is without prejudice to any party renewing this objection if it believes an employee witness has strayed into expert testimony at trial.

The parties are reminded that discovery in this case is now closed.  No expert testifying at trial should expand his opinions beyond those in his expert report (or rebuttal report).

Dated: January 21, 2011					s/Richard H. Kyle
							RICHARD H. KYLE
							United States District Judge

---

[2] It is difficult to draw this demarcation line in a vacuum, before Branca testifies; the Court will have to await his testimony to determine if it extends beyond the bounds of this Order.  As Justice Potter Stewart said when describing obscenity, "I [will] know it when I see it."  Jacobellis v. Ohio, 378 U.S. 184, 197 (1964) (Stewart, J., concurring).