**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Cannon Technologies, Inc.,

        Plaintiff,

v.

Sensus Metering Systems, Inc.,

        Defendant/Third-Party Plaintiff,

v.

Vishay Intertechnology, Inc.,

        Third-Party Defendant.

Civ. No. 08-6456 (RHK/LIB)

**ORDER**

        This matter is before the Court on the parties' Motions in limine. The Court has carefully considered the parties' Motion papers and the arguments of counsel at the January 12, 2011, hearing.

        The Court notes, at the outset, that many of the Motions attack evidence based on supposition as to how it will be used (or, allegedly, misused) at trial. See, e.g., Sprynczynatyk v. Gen. Motors Corp., 771 F.2d 1112, 1118-19 (8th Cir. 1985) (noting that motions in limine often seek to exclude evidence "whose nature and relevance is unclear before trial"). But the responses to the Motions have clarified that much of the challenged evidence will be used for reasons – proper reasons – other than those assailed in the Motions. It is for this reason that the Court is "reluctant to grant broad motions in limine" and, instead, generally will "deal with questions of admissibility of evidence as

they arise." Infinity Prods., Inc. v. Premier Plastics, LLC, Civ. No. 00-36, 2001 WL 1631423, at *2 (D. Minn. Aug. 20, 2001) (Magnuson, J.).

With this principle in mind, and based on all the files, records, and proceedings herein, including the reasons stated on the record at the January 12, 2011, hearing, **IT IS ORDERED**:

1. Sensus's Motion to Exclude Evidence of Subsequent Remedial Measures (Doc. No. 231) is **DENIED**;

2. Sensus's Motion to Exclude Evidence of Settlement Negotiations and Offers to Compromise (Doc. No. 232) is **DENIED AS MOOT**, without prejudice to Sensus renewing its objection(s) to such evidence if/when offered at trial;

3. Sensus's Motion Concerning Vishay Resistors Belgium BVBA (Doc. No. 233) is **GRANTED**. The Court has already denied, as untimely, Vishay's request to file a summary-judgment motion as to Vishay Belgium. (See Doc. No. 200.) The Court agrees with Sensus that allowing Vishay to now point the finger at Vishay Belgium would effectively render the Court's earlier Order a nullity. Vishay shall neither argue nor introduce evidence at trial suggesting that it is not responsible for the (alleged) defects in the 336 Capacitor because some other Vishay entity, including Vishay Resistors Belgium BVBA, actually manufactured the Capacitor;

4. Sensus's Motion Concerning Unpled Fraud Claims (Doc. No. 234) is **DENIED**;

5. Sensus's Motion Concerning Meters Outside the Statute of Limitations

(Doc. No. 235) is **GRANTED IN PART** and **DENIED IN PART**.  The Motion is **GRANTED** to the extent it concerns *damages* for meters sold before December 23, 2004.  In accordance with the Court's summary-judgment ruling, Cannon must deduct any damages related to meters it purchased before that date, no matter how complicated it may be to do so.  For example, Cannon seeks lost profits for replacement meters it provided to customers through its "Proactive Meter Exchange and Repair Program," which was ostensibly undertaken to mitigate its damages.  As part of that program, Cannon offered free or discounted meters to each of its customers based on the *total number* of meters the customer needed to replace, and it "did not limit its replacement offer . . . based on when the meters were initially sold."  (Doc. No. 327 at 3.)  To the extent this theory of lost profits takes into account meters sold before December 23, 2004, Cannon must reduce its claimed damages accordingly, even if it did not do so as part of its mitigation efforts.

In all other respects, including with respect to *evidence* regarding meters sold before December 23, 2004,[1] the Motion is **DENIED**;

6.  Sensus's Motion to Exclude Cannon's Damage Claim for Lost Salaries (Doc. No. 236) is **GRANTED**.  The Court concludes that such damages are not recoverable, see Cashman v. Allied Prods. Corp., 761 F.2d 1250, 1256 (8th Cir. 1985) (applying Minnesota law), and in any event the methodology used to calculate them is

---

[1] Evidence that Cannon tested meters that were manufactured before December 23, 2004, for example, may be admitted at trial.

too speculative, see US Salt, Inc. v. Broken Arrow, Inc., Civ. No. 07-1988, 2008 WL 2277602, at *1 (D. Minn. May 30, 2008) (Kyle, J.), aff'd, 563 F.3d 687 (8th Cir. 2009);

7. Sensus's Motion to Limit Use of Vishay's 8D Reports (Doc. No. 237) is **DENIED**;

8. Vishay's Motion to Exclude Any Reference to Any Data Sheets or Product Literature Issued After Selection of the 336 Capacitor (Doc. No. 251) is **DENIED**;

9. Vishay's Motion to Preclude Dr. England and Any Other Sensus Fact Witnesses From Offering Expert Opinions (Doc. No. 252) is **DENIED AS MOOT**, without prejudice to Vishay renewing its objection to lay-witness testimony at trial if it strays into expert testimony;

10. Vishay's Motion to Exclude Any Reference that the 336 Capacitor is Defective (Doc. No. 298) is **DENIED**;[2]

11. Vishay's Motion to Preclude Any of Sensus's Witnesses From Offering Opinions as to the Ordinary Use of the Product or Industry Standards or Conventions (Doc. No. 254) is **DENIED**;

12. Vishay's Motion to Preclude Any Testimony or Suggestion that Vishay had a Duty to Warn and to Exclude References that Data Sheets and Product Literature were Inaccurate or Misleading (Doc. No. 257) is **DENIED**;

13. Cannon's Motion to Exclude Carol Ludington's Expert Testimony (Doc. No. 280) is **DENIED AS MOOT**, without prejudice to Cannon renewing its objection(s)

---

[2] The Motion was originally mis-filed as Docket Number 253.

to such testimony if/when offered at trial;

14. Cannon's Motion to Exclude Sensus's Draft Quotation (Doc. No. 283) is **DENIED**; and

15. Cannon's Motion to Exclude Testimony Regarding Cannon's Firmware (Doc. No. 286) is **GRANTED IN PART** and **DENIED IN PART**. To the extent the Motion seeks to preclude Sensus from arguing that the firmware caused the meters to fail, the Motion is **GRANTED**, as Sensus has admitted that the firmware was not the cause of the failure. To the extent the Motion is directed at other uses for evidence regarding Cannon's firmware, such as to show Sensus's state of mind or to put its conduct into context, the Motion is **DENIED**.

As a result of the foregoing and the Court's Order on the parties' Daubert Motions, the universe of Cannon's recoverable damages has been narrowed. Moreover, the Court continues to believe that, notwithstanding how well the parties understand this case, it will be extremely difficult for a jury to grasp its intricacies. Accordingly, by separate order, the Court will direct the parties to schedule a further settlement conference.

Dated: January 27, 2011        s/Richard H. Kyle
                               RICHARD H. KYLE
                               United States District Judge