UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Cannon Technologies, Inc.,

       Plaintiff,                      Civ. No. 08-6456 (RHK/LIB)
                                              **ORDER**

v.

Sensus Metering Systems, Inc.,

       Defendant/Third-Party Plaintiff,

v.

Vishay Intertechnology, Inc.,

       Third-Party Defendant.

      This matter is before the Court *sua sponte*.

      Trial in this matter is scheduled to commence on June 13, 2011.  As the parties previously have been advised, the Court harbors serious doubts whether this action can be presented to a jury in a fashion that will be easily understood.  Moreover, it is likely that a jury verdict will be appealed no matter the victor, leading to further delay and substantial additional costs for all involved, particularly in the event of a reversal.  This is not, in the Court's view, a precedent-setting case or the type of action in which parties often draw "lines in the sand" because of deep-seated principles.  Rather, this is a commercial dispute between sophisticated corporations that are used to making difficult business decisions.   And it is for these reasons that the Court believes this case is ripe for

settlement. To date, however, the parties have been unable to reach a mutually agreeable resolution.

Based on the foregoing, and all the files, records, and proceedings herein, and pursuant to the Court's authority under Federal Rule of Civil Procedure 16(c)(2)(H)-(I) and Local Rule 16.5(b)(1), **IT IS ORDERED** that this matter is **REFERRED** to Magistrate Judge Brisbois to conduct a non-binding **SUMMARY JURY TRIAL**.

The following parameters shall apply to the Summary Jury Trial:

1. The proceedings will be open to the public but will be considered performed for settlement purposes only, and they may not be cited or referred to in any subsequent trial (for impeachment or otherwise). The proceedings will not be recorded, either electronically or stenographically.

2. Jury selection shall commence on Monday, May 9, 2011, at 2:00 PM. A jury of eight persons will be empaneled. Although the precise details of *voir dire* will be set by Judge Brisbois, the parties should anticipate that the extent of their inquiries (and challenges) will be limited;

3. Jury selection will be followed by brief opening statements, the presentation of evidence, and brief closing arguments. No rebuttal evidence will be permitted. The order in which the parties make their opening statements, present their evidence, and make closing arguments shall be determined by Judge Brisbois, who will also determine the amount of time to be allotted to each segment of the case (*e.g.*, 10 minutes for opening statements, 2 hours for evidence, etc.). Regardless, the case shall be fully submitted by the end of the day on Tuesday, May 10, 2011;

4.	Each party may call <u>one</u> expert witness to offer opinion testimony and no more than <u>three</u> fact witnesses to testify to the facts that party intends to prove at trial. No witness shall be subject to cross-examination, and other than for relevance or hearsay, no evidentiary objection to a witness's testimony will be permitted;[1]

5.	On Wednesday, May 11, 2011, at 9:30 AM, Judge Brisbois will charge the jury, which will then retire to deliberate.  Judge Brisbois will receive the jury's verdict that same day or, in the absence of a verdict, shall declare the jury hung.  In no event shall jury deliberations extend beyond the end of the day on Wednesday, May 11.  The parties shall meet and confer regarding the instructions and verdict form to be submitted to the jury and shall **jointly** submit those items to Judge Brisbois on or before Monday, May 2, 2011;

6.	On Thursday, May 12, 2011, at 9:30 AM, the parties shall participate in a settlement conference before Judge Brisbois;

7.	The terms of the October 15, 2010 Settlement Conference Order (Doc. No. 151) shall apply to both the Summary Jury Trial and the settlement conference.  In particular, trial counsel and a duly authorized representative of each party, armed with full settlement discretion, shall personally appear for the duration of the Summary Jury Trial and the settlement conference.  Each party's representative must have the power to change that party's settlement posture – if such individual has a limit, or "cap," on his or

---

[1] When presenting their evidence, the parties should bear in mind the Court's rulings on their Motions in Limine, and a party may object if the evidence strays beyond the bounds of those rulings.

her authority, this requirement is not satisfied.  In addition, the settlement conference will not be terminated to accommodate travel plans.  Hotel reservations should be made in advance to accommodate continuing settlement efforts that extend past usual business hours; and

      8.     The Summary Jury Trial and the subsequent settlement conference shall take place in the United States Courthouse in St. Paul, Minnesota.

To the extent issues not addressed above arise in advance of (or during) the Summary Jury Trial, the parties should direct those issues to Judge Brisbois.


Date:  February 28, 2011

                                      s/Richard H. Kyle
                                      RICHARD H. KYLE
                                      United States District Judge