UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Cannon Technologies, Inc.,

        Plaintiff,

Civ. No. 08-6456 (RHK/LIB)
**ORDER**

v.

Sensus Metering Systems, Inc.,

        Defendant/Third-Party Plaintiff,

v.

Vishay Intertechnology, Inc.,

        Third-Party Defendant.

---

This matter is before the Court on Sensus's Motion in Limine to Exclude Cannon's Untimely Document Production and Amended Disclosure (Doc. No. 367).[1] The main thrust of the Motion concerns Cannon's production of "thousands of pages of documents" on March 29, 2011, and April 19, 2011, well after the close of discovery and shortly before trial (and on the eve of the Summary Jury Trial). (Sensus Mem. at 1.) In response, Cannon asserts that with the exception of a "small number of documents recently obtained from a non-party," the documents it recently produced were previously tendered in discovery, although the "new" production re-labels and re-organizes those documents. (Cannon Mem. at 1.) It directs the Court's attention to several examples, which appear to confirm that at least some of the documents are, in fact, re-labeled

---

[1] The Court orally gave Sensus permission to file this Motion out of time.

documents previously produced.  At this juncture, however, the Court simply cannot tell whether that is true of *all* the documents Cannon produced in March and April of this year.

Accordingly, the portion of the Motion seeking to preclude Cannon from relying at trial on its recently produced documents is **GRANTED IN PART** and **DENIED IN PART**.  The Motion is **GRANTED** as to the documents Cannon claims it only "recently obtained from a non-party." (Cannon Mem. at 1.)  Cannon has offered no explanation why it could not have produced these documents earlier, and the Court does not believe that it was unable to ascertain the relevance of the documents until the Court's ruling on the parties' Motions in Limine, as Cannon suggests.  With respect to all other documents produced in March and April 2011, the Motion is **DENIED WITHOUT PREJUDICE** to Sensus renewing its objections at trial if any document offered by Cannon had not been timely produced during discovery.

Sensus also objects to Cannon's Fifth Amended Rule 26(a) disclosures, which were served on April 19, 2011.  It argues that the amended disclosures contain "entirely revised damage claims" that should be stricken.  The Court agrees in part.

In particular, the Court notes that Cannon has listed specific "fraud" damages in its disclosures for the first time.  (<u>Compare</u> Palen Decl. Exs. 4-7 <u>with</u> Palen Decl. Ex. 9.) The time for disclosing the calculation of such damages, however, has long since passed. Moreover, Cannon has offered no substantial justification for its failure, and the Court does not believe that the untimely disclosure is harmless, since it has prevented Sensus

-2-

from undertaking discovery related to the fraud damages and requires Sensus's damages expert to amend her opinions (if possible) in the eleventh-hour.[2] Accordingly, this portion of the Motion is **GRANTED**, and Cannon will be precluded from presenting evidence of "fraud" damages at trial. See Fed. R. Civ. P. 26(a)(1)(A)(iii) (requiring disclosure of "a computation of each category of damages claimed"); Fed. R. Civ. P. 37(c) (noting that party failing to make timely Rule 26(a) disclosure may not use such information or evidence at trial, unless the failure was "substantially justified or harmless"); US Salt, Inc. v. Broken Arrow, Inc., Civ. No. 07-1988, 2008 WL 2277602, at *4 (D. Minn. May 30, 2008) (Kyle, J.) (precluding evidence supporting belatedly disclosed damages theory), aff'd, 563 F.3d 687 (8th Cir. 2009). As a result, Cannon's fraud claim necessarily fails and will be dismissed. See, e.g., Mulcahy v. Fenton Sub Parcel D, LLC, No. A10-23, 2010 WL 4181263, at *4 (Minn. Ct. App. Oct. 26, 2010) ("[P]roof of damages is essential to a fraud claim."); Ross v. Foremost Ins. Co., 998 A.2d 648, 654 (Pa. Super. Ct. 2010) (same).[3]

Sensus also asks the Court to "strike Cannon's claim for lost profits damages" because Cannon's amended disclosures "make[] clear that this calculation requires expert testimony for presentation." (Sensus Mot. at 1.) The Court does not agree and hence **DENIES** this portion of the Motion. The Court reminds Cannon, however, that fact

---

[2] Cannon claims that its fraud damages overlap with its warranty damages to some extent, but it also makes clear that the damages are not entirely duplicative. (See Cannon Mem. at 8-9.)

[3] As the Court noted in its Order on the parties' summary-judgment Motions, it is unclear whether Minnesota or Pennsylvania law applies to Cannon's fraud claim. (See Doc. No. 124 at 25-26.) Each requires proof of damages, however.

witnesses who testify at trial regarding Cannon's damages must not stray into expert testimony.  (See Doc. No. 361 at 4-5.)

Finally, Sensus also asks the Court to "re-affirm[] [its] prior rulings excluding Cannon's claim for management costs at trial." (Sensus Mot. at 1.)  The Court's prior Orders speak for themselves and need not be "re-affirmed," and accordingly this portion of the Motion also is **DENIED**.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Sensus's Motion in Limine to Exclude Cannon's Untimely Document Production and Amended Disclosure (Doc. No. 367) is **GRANTED IN PART** and **DENIED IN PART** as set forth above, and Cannon's fraud claim (Am. Compl. ¶¶ 27-37) is **DISMISSED WITH PREJUDICE**.

Dated: May 4, 2011                                               s/Richard H. Kyle
                                                                  RICHARD H. KYLE
                                                                  United States District Judge